IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **E3 BIOFUELS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:12CV441** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **BIOTHANE CORPORATION, and** | ) | **ORDER** |
| **PERENNIAL ENERGY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

  Spectrum Business Ventures, Inc. ("Spectrum"), AltEn, LLC ("AltEn"), AltEnergy Holding, LLC ("AltEnergy"), and AltEn Opportunity I, LP ("AltEn Op") (collectively referred to herein as "Non-Party Objectors") seek an order quashing each of the separate subpoenas served upon them by Perennial Energy, Inc. ("PEI"). (Filing 17.) PEI has filed a motion to compel (filing 19) Non-Party Objectors to respond to the subpoenas.

## BACKGROUND

  On February 8, 2011, E3 Biofuels, LLC ("E3") filed suit in this Court against PEI and others, seeking to recover damages E3 allegedly sustained as a result of the construction of an Ethanol Plant in Mead, Nebraska. *See E3 Biofuels, LLC v. Biothane, LLC*, Case No. 8:11CV44 (D. Neb. 2011). Generally, in that action, E3 alleges that the start-up of the Ethanol Plant was not substantially completed, and the Ethanol Plant never operated as intended, due to PEI's failure to fabricate and install a fully functional Boiler System. E3 also maintains that as a result of PEI's failure to provide a Boiler System, it was forced to seek bankruptcy protection. In its Answer, PEI affirmatively alleges that E3's damages were caused by E3's own negligence and/or acts or omissions of third parties.

  On February 23, 2012, in the *E3 Biofuels, LLC v. Biothane* case (the "underlying litigation"), PEI filed a motion to compel E3 to provide more complete discovery responses. (Filing 123.) The undersigned issued an order on June 29, 2012 (the "Order"), granting

PEI's motion, in part.  (Filing 141.)  The Order compelled E3 to produce some documents post-dating the bankruptcy, finding that "discovery related to the construction problems allegedly occurring at the Ethanol Plant is relevant to the issues involved in this case" and "discovery requests seeking to determine to what extent, if any, other problems caused the alleged failures or completion delays are clearly relevant to the claims and defenses in this case."  (*Id*.)     Following the issuance of the Order, PEI filed this miscellaneous action[1] to enforce the subpoenas served upon Non-Party Objectors.[2]  PEI's subpoenas generally seek documents relating to the construction and re-commissioning of the Ethanol Plant.

## DISCUSSION

Non-Party Objectors argue that the subpoenas, which seek documents relating to the Ethanol Plant, should be quashed because they place an undue burden on non-parties and request irrelevant materials.  Under Fed. R. Civ. P. 45, a district court may quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a non-party to travel more than 100 miles, requires disclosure of privileged or protected matter or subjects a person to undue burden.  Fed. R. Civ. P. 45.  In evaluating whether a subpoena presents an undue burden, courts generally consider (1) the relevance of the requested information; (2) the need of the party for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested information; and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)*.  "Further, if the person to whom the document request is

---

[1] The miscellaneous action was filed in the United States District Court for the Western District of Missouri.  The suit was transferred to this Court on December 19, 2012.  (Filing 28.)

[2] Non-Party Objector AltEn purchased the Ethanol Plant in November, 2010.  AltEn is a small company with a total of six full time employees, including the plant manager, an assistant plant manager, three maintenance employees and an ethanol board operator.  E3, and its sole shareholder, Dennis Langley ("Langley"), own 30% of the stock of AltEn.  AltEnergy and AltEn Op are passive investors in AltEn.  AltEnergy, AltEn Op and AltEn were not in existence when the incident that forms the basis for the underlying lawsuit occurred.  Spectrum, which provides accounting and data management services for AltEn, has an investment interest in AltEnergy and AltEn Op.

made is a non-party, the court may also consider the expense and inconvenience to the non-party." *[Id](Id)*. at 818 (footnote omitted).

PEI requests that Non-Party Objectors produce documents related to the Ethanol Plant for three distinct time periods: (1) pre-bankruptcy; (2) post-bankruptcy, but before AltEn purchased the Plant, and (3) after the sale of the Plant.

With respect to pre-purchase materials, Non-Party Objectors represent that substantially all, in not all, the documents AltEn has in its possession were provided to E3, which, in turn, produced the documents to PEI.[3]  AltEn admits, however, that it may have retained some pre-purchase licenses and permits related to the Plant.  Non-Party Objectors also maintain that AltEnergy and AltEn Op are passive investors and, other than accounting records and invoice payment records that may be held by Spectrum, *any* records they may have would be duplicative of any records held by AltEn.

AltEn further represents to the Court that it took no actions with respect to the operation, repair, construction, moth-balling or re-commissioning of the Ethanol Plant prior to its purchase of the Plant on November 22, 2010.  AltEn claims that substantially all of its records for this time period are documents relating to the purchase of the Plant.  These documents consist of pleadings and sale documents filed in the bankruptcy proceeding.  AltEn argues that it should not have to produce these documents because they are readily available through the Court's electronic filing system.

Accepting Non-Party Objectors' representations as true, the Court will grant the motion to quash *in its entirety* as it relates to AltEnergy and AltEn Op.  It does not appear that these entities have any relevant documents that cannot be obtained from other sources.  The Court will also grant the motion to quash as it pertains to any pre-purchase materials held by Spectrum.  The Court will deny the motion to quash, however, as it relates to the pre-

---

[3] Non-Party Objectors have represented to the Court that E3's counsel has agreed to review the pre-bankruptcy materials it received from AltEn to ensure that all responsive materials have, in fact, been produced.  The Court will not require AltEn to obtain and review documents previously given to E3 in order to respond to the subpoenas.

purchase permits and licences that could be in AltEn's possession. The Court will also deny the motion to quash as it pertains to the pleadings and sale documents filed in the bankruptcy proceeding because if the documents are truly readily available, it should not be overly burdensome for AltEn to produce them.[4] The motion to quash is otherwise granted as to pre-purchase materials sought from AltEn.

As to documents from the post-sale period, AltEn claims that it has extensive records, documents and things relating to the on-going construction of the Plant. Spectrum maintains that it has accounting and data files relating to the post-acquisition construction. AltEn and Spectrum assert that these records involve dozens of post-acquisition engineering contracts, purchase orders, project assessment records, correspondence, accounting records and other miscellaneous materials and would encompass thousands of documents.

As this Court previously held in the underlying litigation, based on the allegations contained in the Complaint, as well as PEI's asserted defenses, discovery requests seeking to determine to what extent, if any, other problems caused the alleged failures or completion delays at the Plant are relevant. Still, even this being true, the relevance of these documents deteriorates as more time passes from the primary event triggering this lawsuit, namely, the boiler explosion which occurred on February 9, 2007. Although the Court previously ordered E3 to produce some documents in its possession post-dating the bankruptcy, the Order did not necessarily encompass documents post-dating E3's sale of the Plant on November 22, 2010. It is one thing to order a party to produce documents for an approximate four-year time period following a precipitating event, and quite another to ask a non-party to produce a substantial number of documents generated up to six years after the same event.

In an effort to resolve this dispute, AltEn offered to produce post-purchase documents that relate to moving the Plant's boiler, replacing the damaged boiler, Plant improvements

---

[4] AltEn claims that if other documents relating to the purchase exist, they would consist of drafts of pleadings, emails and other communications stored in AltEn's computers. Based on AltEn's representations, the Court sees no need for AltEn to review emails and other communications stored on its computers related to the purchase of the Plant.

made and work done since AltEn purchased the Plant. AltEn and Spectrum also agreed to provide checks and invoices on purchases and expenditures made at the Plant since AltEn purchased the Plant. At this point, the Court believes this scope of production is appropriate. If, at a later time, and following consultation with opposing counsel, PEI can point to *specific* categories of post-purchase documents it requires based on the information it receives in response to the subpoenas, it may renew its motion to compel.

The parties' requests for costs and sanctions is denied.

Accordingly,

**IT IS ORDERED:**

1. Non-Party Objectors Motion to Quash (filing 17) is granted, in part, and denied in part, as set forth above.

2. PEI's Motion to Compel (filing 19) is granted, in part, and denied, in part. AltEn and Spectrum shall produce the documents detailed above within thirty days of this order.

**DATED March 27, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**